In the United States District Court
Northern District of Ohio
Western Division

Shawndale D.Chilcoat,                                    Case No. 3:23-cv-14
    Plaintiff,

                                            The Hon. Jeffrey J. Helmick

v.

                                            Magistrate Judge Darrell Clay

Jeff Grey,
    Defendant.                                        *Motion to Dismiss*

        Now comes the Defendant, by and through counsel, and moves this honorable Court for an Order dismissing the Complaint, pursuant to F.R.Civ.P 12(b)(6) inasmuch as the Plaintiff has failed to state a claim upon which relief can be granted.

        The operative facts alleged by the Plaintiff are that she was arrested on August 11, 2022, as the result of her participation in the January 6, 2022, rebellion against the U.S. government when the U.S. Capitol was attacked.

        On November 2, 2022, the Plaintiff met with the Defendant at her request. The Defendant indicated he would report her conversation with him to the F.B.I. if it was about her arrest.

*Count I – Trafficking in Persons*

        The Plaintiff alleges she has been "trafficked," and Defendant negligently permitted it.

        Jeff Grey, who is never alleged to be a law enforcement officer or the Sheriff of Mercer County, is not alleged to have known of the arrest of the Defendant before it took place. He, therefore, owed no duty to the Defendant regarding the arrest of her by federal agents.

1

And even if Mr. Grey had been present, an arrest warrant, appearing to be proper on its face [Doc. # 1-3], commanded the arrest and detention by *any* law enforcement officers. Assuming that Mr. Grey was the Mercer County Sheriff, he had a legal duty to arrest the Defendant.

The United States Supreme Court stated over thirty years ago that one law enforcement agency may rely on another agency's statement that they have a warrant or "a reasonable suspicion of involvement with a crime." *United States v. Hensley*, 469 U.S. 221, 231 (1985); see, also, *Whiteley v. Warden*, 401 U.S. 560, 568 (1971).

Mr. Grey is not alleged to have made false statements or omissions that created a falsehood and that such statements or omissions were material, or necessary, to the finding of probable cause and issuance of the arrest warrant by a Magistrate Judge. See, *e.g.*, *Hart v. Hillsdale County, Michigan*, 973 F. 3d 627 (6th Circuit 2020).

Count I of the Complaint fails as a matter of law.

### *Count II – Conspiracy Against Rights*

Even if properly drawn as a conspiracy to maliciously prosecute the Plaintiff or as stated in the Complaint, there is no allegation or any factual predicate to support the notion that Mr. Grey was involved in the prosecution of the Plaintiff.

Again, there was probable cause supporting the arrest of the Defendant. If involved, Mr. Grey had a right to rely upon the arrest and search warrants issued by the Magistrate Judge in the underlying criminal case. *Hensley, supra*. He is, at a minimum, qualifiedly immune. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)

Further, the Plaintiff did set forth any facts to support her theory that the Defendant violated any Constitutional rights of the Plaintiff.

Count II of the Complaint fails as a matter of law.

### *Count III Deprivation of Rights – Home Invasion*

Magistrate Judge Darrell Clay issued a search and seizure warrant [Doc. #1-6].

Even if Mr. Grey was present and participating in the breach of Plaintiff's castle (he was not and neither were any Mercer County Sheriff's deputies present), he would have been entitled to rely upon Judge Clay's warrant that was based upon probable cause. *Hensley*, *supra*.

He is, at a minimum, qualifiedly immune if this is a 42 U.S.C. § 1983 claim. Otherwise, being that he was not present and participating, no plausible claim is stated.

Count III of the Complaint fails as a matter of law.

*Count IV – Conversion*

The Defendant is not alleged to have seized any property and there are no facts stated that would lead to the conclusion drawn by the Plaintiff that he did. She must plead enough facts to suggest she has a plausible claim, and not merely a possible claim, that entitles her to the relief she seeks. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

As stated in her Complaint, the Plaintiff met with the Defendant and asserts he should have been present when she was arrested and when her abode was left "shuffled" and a "long list" of stuff was taken pursuant to a search and seizure warrant [Doc. #1, ¶¶ 13, 17].

The Plaintiff has not plead enough facts to suggest she has a plausible claim, whether this is a claim under federal law or state law.

County IV fails as a matter of law.

*Count V – False Statements*

That Mr. Grey may have made false statements is not actionable. The Plaintiff has not set forth any facts that the F.B.I. relied upon any statements, true or false, to act. Again, she has not plead any facts that suggest she has a plausible claim. *Iqbal*, *supra*.

Count V fails as a matter of law.

*Count VI – Misleading Conduct*

3

The Plaintiff's statement, assuming all well plead allegations are true, does not support any plausible or actionable claim. *Iqbal, supra.*

Count VI fails as a matter of law.

*Count VII – Concealment, Removal, or Mutilation*

The Defendant had a right to rely on the arrest, search, and search and seizure warrants. *Hensley, supra.*

The Plaintiff alleges no facts that support any assault or that the Defendant was aware of assaultive behavior by federal agents or that the Defendant could have stopped an assault or that the Defendant could have stopped some assault "after the fact." She states no plausible or actionable claim. *Iqbal, supra.*

Count VII of the Complaint fails as a matter of law.

*Count VIII-- Deprivation of Rights*

The Plaintiff has attached warrants to the Complaint that appear to be facially valid. The Defendant, again, had a right to rely on the facial validity of the warrants. *Hensley, supra.* If he were involved in arresting or prosecuting or imprisoning the Plaintiff, which is not plead, he is qualifiedly immune, since this claim appears to be one brought under 42 U.S.C. § 1983.

There are no facts set forth that the Defendant was involved in arresting or prosecuting or imprisoning the Plaintiff. The Plaintiff must plead enough facts to suggest she has a plausible claim, and not merely a possible claim, that entitles her to the relief she seeks. *Iqbal, supra.* She has not done so.

Moreover, "[a]n arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to [Section 1983]." *Voyticky v. Timberlake*, 412 F.3d 669, 677, citing *Baker v. McCollan*, 443 U.S. 137, 143-144 (1979).

Count VIII of the Complaint fails as a matter of law.

*Count IX – Violation of 42 U.S.C. §1985(3)*

It has been long-established that some racial or, perhaps, otherwise class-based, invidiously discriminatory animus must be behind the conspirators' actions in a claim brought under 42 U.S.C. § 1985(3). *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The plaintiff has failed to plead any racial or other class-based, invidiously discriminatory animus that must be behind the purported conspirators' actions. *Radvansky v. Olmsted Falls*, 395 F. 3d 291, 312-313 (6th Cir. 2005)

No facts have been set forth in the Complaint in support of the claim, and the Complaint cannot be amended to include such a factual basis. The plaintiff must plead and produce more than just a notion she was treated unfairly. See, *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); see, also, *Iqbal, supra.*

Being treated extremely unfairly, even though purportedly caused by some imagined massive conspiracy, without more, is not unlawful under 42 U.S.C. § 1985(3).

Count IX fails as a matter of law.

*Count X -- Violation of 42 U.S.C. §1986*

The predicate of this claim is a violation of 42 U.S.C. § 1985. There is no violation of 42 U.S.C. § 1985, as set forth immediately above. Count X fails as a matter of law.

*Count XI – Kidnapping*

The Plaintiff is obviously frustrated and upset, having been summoned to the United States Capitol to overthrow the duly-elected government of the United States, and now under arrest and subject to jeopardy.

She was arrested before having any contact with the Defendant. No facts have been set forth in the Complaint in support of the claim, and the Complaint cannot be amended to include such a factual basis for this uncommon claim.

The Plaintiff must plead and produce more than just a notion that the Defendant participated in or facilitated an unlawful seizure. *Iqbal, supra.* She has not done so and cannot do so. There is no claim stated.

In addition, she was seized under a facially valid warrant, a copy of which is attached to the Complaint [Doc. #1-3]. The Defendant had a right to rely on same. *Hensley, supra.* She was not unlawfully seized.

Count XI fails as a matter of law.

*Count XII -- Aggravated Assault*

The Plaintiff has not alleged any act that might be unlawful. The Plaintiff has not plead any facts that might create some kind of duty owed by the Defendant to the Plaintiff to participate in the arrest of the Plaintiff by federal agents. The Plaintiff has failed to assert Mr. Grey was anywhere near the Plaintiff when she was arrested or had knowledge of the arrest or participated in her arrest. This claim fails. *Iqbal, supra.*

In addition, she has not set forth any facts that support the elements of criminal conduct under the Aggravated Assault statute so as to state a claim for a civil wrong under Ohio law. *Ohio Revised Code §2903.12.*

The Ohio Supreme Court has made it clear that unsupported legal conclusions are not entitled to any presumption of truth and are not sufficient to survive a motion to dismiss. See, e.g., *Schulman v. Cleveland*, 30 Ohio St.2d 196, 198 (1972); *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 39.

Mere speculation, unsupported by operative facts, does not state a claim.

Count XII fails as a matter of law.

*Count XIII – Assault and Battery*

The Plaintiff has not alleged any act that might be unlawful. The Plaintiff has not plead any facts that might create any duty owed by the Defendant to the Plaintiff to prevent "assaults and batteries." The arrest of the Plaintiff was pursuant to a facially valid warrant, upon which the Defendant had a right to rely. Nothing in the Complaint links the Defendant to tortious conduct of others, if any.

The argument set forth immediately above concerning Count XII applies herein and Count XIII fails as a matter of law.

*Count XIV – False Imprisonment*

The Plaintiff did not plead any operative facts that support the idea the Defendant detained the Plaintiff. "'Legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness.'" *Williams v. U.S. Bank Shaker Square*, 2008 Ohio 1414 (Cuyahoga Co. App.), ¶ 9, quoting *Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.*, 854 F.2d 802, 810 (6th Cir.1988).

In addition, to prevail on a claim for false imprisonment, the Plaintiff must demonstrate: "(1) the intentional detention of the person and (2) the unlawfulness of the detention." *Hodges v. Meijer, Inc.*, 129 Ohio App.3d 318 (12th Dist. 1998). Thus, an arrest based on probable cause is a lawful detention and, thereby, serves to defeat a claim of false imprisonment under Ohio law.

Even if the Defendant detained the Plaintiff (and neither he nor any Mercer County Sheriff's deputy did so), a facially valid warrant supported the detention.

Count XIV fails as a matter of law.

*Count XV – Theft and Fraud*

Federal agents seized guns, electronics, and other property pursuant to warrants based upon probable cause [Doc. # 1-4, # 1-6]. Oh, the guns! [U.S. Constitution, Amendment II]

The Plaintiff has not alleged any action taken by the Defendant that might be unlawful. The Plaintiff has not plead any facts that might create any duty owed by the Defendant to the Plaintiff to stop federal agents from taking her guns and other property.

For the reasons set forth above, no actionable claim under Ohio Revised Code §2913.02 is stated against the Defendant.

Count XV must be dismissed.

### Count XVI – Interfering with Civil Rights

The Defendant is not alleged to have prevented the Plaintiff from speaking, just that he indicated he would report her statements to the F.B.I. She voluntarily decided to avail herself of her privilege to remain silent and not incriminate herself.

*Ohio Revised Code* § 2921.45 forbids public servants from depriving any person of a constitutional or statutory right. The Defendant did not deprive the Plaintiff of any Constitutional or statutory rights. She wanted to talked; Defendant told her he was recording her; Defendant said he would send the recording to the F.B.I.; the Plaintiff shut up.

She has not alleged the Defendant was a public servant; but even if he was, he did not prevent her from exercising her First or Fifth Amendment rights under the U.S. Constitution or under state law.

The Defendant did not violate any rights as a matter of law.

Count XVI fails as a matter of law.

8

*Conclusion*

The Plaintiff has failed to state any claim upon which relief can be granted. The Defendant respectfully submits that the Complaint must be dismissed for that reason and, further, because the Plaintiff can set forth no set of facts to support any of the claims by way of amendment.

Respectfully submitted,

/s/ William P. Lang
William P. Lang [Ohio Atty. #0008774]
WILLIAM P. LANG ATTORNEY LLC
13609 Shaker Blvd., Ste. 3B
Cleveland, OH 44120
Telephone: 216.469.9684
Facsimile: 866.679.1783
william.lang@williamlangattorney.com
ATTORNEY FOR DEFENDANT

/s/ Bartholomew T. Freeze
Bartholomew T. Freeze [0086980]
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 East State Street, Suite 800
Columbus, OH 43215
Phone: (614) 827-7300
Fax: (614) 827-7303
E: bfreeze@ffalaw.com

*Proof of Service*

The undersigned certifies that this *Motion to Dismiss* was electronically filed on January 16, 18 2023.  Notice of filing will be sent to all parties by the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. A copy of this *Motion to Dismiss* was sent to Shawndale D. Chilcoat by ordinary U.S. Mail, postage prepaid, at 3528 Bunker Hill Rd, Celina, OH 45822.

/s/ William P. Lang
William P. Lang