UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawndale D. Chilcoat,             Case No. 3:23-cv-014

    Plaintiff

v.                               MEMORANDUM OPINION
                                 AND ORDER

Jeff Grey,

    Defendant

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Shawndale D. Chilcoat filed this action against Mercer County Sheriff Jeff Grey. In the Complaint, Plaintiff alleges that Grey was not present when she was arrested by Federal Bureau of Investigation ("FBI") agents on charges related to her role in the January 6, 2021 riot on the United States Capitol building. She asserts claims for violation of 18 U.S.C. § 77, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 654, 18 U.S.C. § 1001, 18 U.S.C. § 1512B, 18 U.S.C. § 2071, 18 U.S.C. § 1201, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, Ohio Rev. Code § 2903.12, Ohio Rev. Code § 2903.13, Ohio Rev. Code § 2743.48, Ohio Rev. Code § 2913.02, and Ohio Rev. Code § 2921.45. She seeks $15,000,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Plaintiff alleges that she was awakened on the morning of August 11, 2022, by FBI agents outside of her house. The agents directed her to come out of her house. She asked why they were there, and an agent told her it was "for January 6." (Doc. No. 1 at 1). The agents handcuffed and arrested her while other agents executed a search warrant. A female agent told Plaintiff she could open her safe or it would be forced open. Plaintiff declined and the safe was cracked open.

Agents took her from her home in Celina to the FBI Office in Toledo where she declined questioning. Plaintiff subsequently appeared before a Magistrate Judge in this Court who denied bond. She was held for four days in the Lucas County Correctional Center. She was indicted in the United States District Court for the District of Columbia. She appeared in court again on August 15, 2022. She was released at that time on the condition that she appear via Zoom for proceedings in the United States District Court for the District of Columbia. Plaintiff alleges upon her release, she scheduled a meeting with Mercer County Sheriff Jeff Grey to ask him why he was not present when the warrants were executed. She claims he told her that their conversation was being recorded and anything she said would be shared with the FBI.

Plaintiff's Complaint contains sixteen Counts. Counts one through seven and Count eleven, seek relief under federal criminal statutes 18 U.S.C. § 77 (Peonage, slavery, and trafficking in persons), 18 U.S.C. § 241 (conspiracy against civil rights), 18 U.S.C. § 242 (deprivation of civil rights), 18 U.S.C. § 654 (theft and embezzlement), 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1512 (tampering with a witness, victim, or informant), 18 U.S.C. § 2071 (concealment, removal or mutilation of records or reports), and 18 U.S.C. § 1201 (kidnaping).

She claims the Defendant indirectly violated these statutes by not stopping the FBI from arresting her and searching her home. She claims the Defendant deprived her of rights, privileges, and immunities by not preventing the FBI from executing warrants she contends were unlawful.

She contends this makes the Defendant liable to her under 42 U.S.C. § 1983. Plaintiff asserts claims against the Defendant under 42 U.S.C. § 1985 and 42 U.S.C. § 1986 alleging that the Defendant failed to uphold a sworn oath by allowing the FBI to arrest her. Her remaining four Counts assert violations of Ohio law and are also based on the Defendants failure to prevent the FBI from executing arrest and search warrants.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

3

pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff fails to state a claim for relief in Counts one through seven and Count eleven. These are all criminal statutes. They do not contain a private right of action in a civil case. *Southwest Williamson Cty Community Ass'n v. Slater*, 173 F.3d 1033, 1036 (6th Cir. 1999); *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *United States v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Plaintiff also fails to state a claim against the Defendant under 42 U.S.C. § 1983. She contends he deprived her of "rights, privileges, and immunities' secured by the United States Constitution." (Doc. No. 1 at 3). Although the standard of review for *pro se* pleadings is liberal, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must "give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not assert a specific right which she claims this Defendant violated. Simply stating that the Defendant deprived her rights privileges and immunities is not sufficient to meet minimum pleading standards.

Moreover, it is apparent that Plaintiff is attempting indirectly to challenge the actions of the FBI by suing the County Sheriff. An individual may only be held liable under 42 U.S.C. § 1983 for his or her own actions. They cannot be held liable for the unconstitutional conduct of others. *Iqbal*, 556 U.S. at 676. Consequently, a mere failure to act will not suffice. *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). There must be some "active unconstitutional behavior" on the part of

the Defendant. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *see also Hays v. Jefferson Cty.*, 668 F.2d 869, 873–74 (6th Cir. 1982) (A mere failure to act is not sufficient to confer liability). The claims against this Defendant are even more attenuated than those which rely on a theory of *respondeat superior* liability because Grey had no supervisory authority over any of the FBI agents in question. There is no suggestion in the Complaint that he knew the warrants were being executed or that he personally participated in the arrest or search.

Furthermore, even if Plaintiff had alleged the Defendant's involvement in her arrest or the search of her property, I would abstain from exercising jurisdiction over issues concerning the validity of the warrants. These issues can and should be resolved either by hearing or trial on the merits in the criminal case. I will not interfere in the pending criminal proceedings of another District Court. *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981); *Caldwell v. Elliott*, No. 1:08 CV0788, 2008 WL 2074062, at *1 (N.D. Ohio May 13, 2008).

Plaintiff also seeks relief under 42 U.S.C. §§ 1985(3) and 1986. To establish a violation of § 1985, Plaintiff must allege that the Defendant conspired together with other individuals for the purpose of depriving the Plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971); *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). To state a claim under § 1985(3), Plaintiff must allege not only that she is a member of a protected class, but that the alleged conspiracy was motivated by a discriminatory animus against that identifiable class. *See Farber v. City of Patterson,* 440 F.3d 131, 135 (3d Cir. 2006). Plaintiff's claim is not that the conspiracy was motivated by a desire to target people of a certain race, gender, or national origin. Moreover, conspiracy claims must be pled with specificity. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). Claims premised upon mere conclusions and opinions

5

will not suffice. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff fails to allege any facts to reasonably suggest the existence of a conspiracy.

Because Plaintiff has failed to state a claim under § 1985, her claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985 yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

Finally, the remainder of Plaintiff's claims are premised on state law. This Court lacks original jurisdiction over those claims. Supplemental jurisdiction over state law claims may be invoked whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). I, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, I decline jurisdiction to hear Plaintiff's state law claims.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

                  s/ Jeffrey J. Helmick
                  United States District Judge